UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. EDWARD EZOR,<br><br>    Plaintiff,<br><br>    v.<br><br>REVA G. GOETZ, et al.,<br><br>    Defendants. | NO. CV 16-562-JVS (AGR)<br><br>ORDER TO SHOW CAUSE |

On January 26, 2016, Plaintiff filed a civil rights complaint. For the reasons discussed below, it appears that the court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine and the Anti-Injunction Act. Alternatively, judicial immunity appears to shield the judges from Plaintiff's claims against them.

The court therefore orders Plaintiff to show cause on or before **March 9, 2016**, (a) why this court has jurisdiction over Plaintiff's claims; and (b) why the judicial defendants, namely Reva G. Goetz, Estate of H. Walter Croskey, Patti S. Kitching, and Richard D. Aldrich, should not be dismissed from the action.

# I.

# BACKGROUND

This action challenges a judgment in a Los Angeles County Superior Court probate case and the decision by the California Court of Appeal to affirm that judgment. The appellate court explained some of the pertinent background as follows:

> In this case, the probate court found that a trustee of a decedent's trust (Trust), Edward Ezor (Ezor), breached his duties as a trustee. Ezor acted as co-trustee with one of the beneficiaries, Jill Wizel (Wizel) to administer the Lydia Wizel Trust for the benefit of Robert Brown (Brown) and Wizel. The court concluded that Ezor breached his duties by delaying the administration of the Trust, paying himself and his attorney excessive fees, refusing to make any distributions to Brown, failing to investigate Wizel's competence to serve as a trustee, failing to pay Wizel's medical insurance premiums, and opposing the beneficiaries' objections to his account without reasonable cause and in bad faith.
>
> The probate court removed Ezor and surcharged him the excessive fees paid to him and his attorney, the loss incurred by Brown due to Ezor's failure to divide the Trust assets, and the loss incurred by Wizel due to her lapse of medical insurance. The probate court also surcharged Ezor the attorney fees related to his opposition to the objections to the account pursuant to Probate Code section 17211, subdivision (b).

*Estate of Wizel*, No. B237990, 2013 WL 5191924, *1 (Cal. Ct. App. 2d Dist.). The California Supreme Court denied Plaintiff's petition for review on December 11, 2013 in its case number S214294.

Plaintiff sues Robert Brown; Reva G. Goetz, the Superior Court Judge (since retired) who ruled against Plaintiff; the three justices who affirmed the probate ruling, namely the Estate of H. Walter Croskey, Patti S. Kitching and Richard D. Aldrich; Ellie Page, who was appointed as Jill Wizel's conservator in 2009; and Beverly Hills Escrow. Plaintiff asks this Court to declare the underlying state court rulings to be null and void, and to impose a constructive trust over certain assets.

## II.

## THE *ROOKER-FELDMAN* DOCTRINE

Plaintiff's complaint seeks an order that the state court's amended judgment and affirmed judgment "be declared null and void, set aside, rescinded and vacated forthwith and in the interests of justice and equity." (Complaint at 13; *see id.* ¶¶ 35, 37.)

"[U]nder . . . the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). "Stated simply, the *Rooker-Feldman* doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies when "the federal plaintiff . . . complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

Plaintiff alleges that he lost in probate court and on appeal. He now turns to this Court to declare those rulings to be null and void. *Rooker-Feldman* appears to bar consideration of this action. *See Henrichs v. Valley View*

*Development*, 474 F.3d 609, 614 (9th Cir. 2007) (request to declare state court judgment void "is squarely barred by *Rooker-Feldman*").

Similarly, Plaintiff's third cause of action alleges that Defendants Brown and Page "are attempting to execute on the AMENDED JUDGMENT by forcing the sale of certain real property and improvements thereon owned by EZOR" and that "Defendant BH ESCROW is presently holding monies in escrow, or will be holding monies in escrow." (Complaint ¶ 40.) "Since Plaintiff claims the AMENDED JUDGMENT is, and was at all time herein mentioned, null and void, unlawful and unsupportable, and should be set aside, it is necessary that Defendant BH ESCROW interplead any disputed funds and monies related to the sale." (*Id.* ¶ 41.) Plaintiff seeks a "judicial declaration" as to the rights and duties of Plaintiff and Defendants (*Id.* ¶ 42) and judicial imposition of a constructive trust (*Id.* ¶ 45).

*Rooker-Feldman* appears to apply because Plaintiff's alleged injury arises from the state court's judgment. As Plaintiff's complaint concedes, the third and fourth causes of action are premised on the contention that the state court judgments are null and void. *See Henrichs*, 474 F.3d at 616.

### III.
### ANTI-INJUNCTION ACT

Plaintiff's complaint seeks unidentified "equitable relief" and imposition of a constructive trust. To the extent Plaintiff seeks to enjoin Defendants Brown and Page from receiving proceeds from the sale, or to enjoin BH Escrow from transferring proceeds to Defendants Brown and Page, Plaintiff's request for equitable relief appears to violate the Anti-Injunction Act, which precludes a federal court from granting an injunction "to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The

4

Anti-Injunction Act extends to injunctions against the execution and enforcement of state judgments. *Henrichs*, 474 F.3d at 616.

## IV.

## JUDICIAL IMMUNITY

Plaintiff's complaint alleges that Plaintiff does not seek monetary damages against the judicial defendants.[1] (Complaint ¶ 35.)

Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The complaint fails to allege facts that show a declaratory decree was violated or was unavailable.

---

[1] In a claim for monetary damages, "state judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* Judicial immunity applies when a plaintiff alleges the judge erred or failed to comply with due process. *Id.* at 359-60; *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). Judicial immunity can be overcome only in two circumstances: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or (2) actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

## V.

## ORDER

IT IS THEREFORE ORDERED that on or before **March 9, 2016,** Plaintiffs shall show cause (a) why this court has jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine and the Anti-Injunction Act; and (b) why the judicial defendants should not be dismissed from the action.

**If Plaintiffs fail to respond to this order to show cause by March 9, 2016, then the court may recommend dismissal of this action for lack of jurisdiction and dismissal of the judicial defendants based on judicial immunity.**

DATED: February 9, 2016

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge